UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT P. BASTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04641-JRS-TAB |
| | ) |
| INDIANA DEPARTMENT OF CORRECTION, | ) |
| | ) |
| Defendant. | ) |

**Entry Directing Payment of Full Filing Fee and Dismissing Action**

Plaintiff Robert P. Baston is a prisoner currently incarcerated at New Castle Correctional Facility. For the reasons explained below, his *in forma pauperis* status is **revoked**, this action is **dismissed**, and final judgment shall be entered on the docket.

**I. Filing Fee**

Mr. Baston sought and was granted leave to proceed *in forma pauperis*. In support, Mr. Baston submitted a copy of his Transaction History Inquiry and stated that he is indigent.



Dkt. 12.

When the Court pointed out in its screening order that this representation is inconsistent with Mr. Baston's claim that he has the means to purchase significant commissary items, he stated that he "made an error and has sent to the Court the wrong inmate trust account information." Dkt. 15 at p. 2. Mr. Baston's actual trust account statement reflects that he has sufficient funds to pay the filing fee in this case. *See* dkt 15-1.

Mr. Baston's material misrepresentations to avoid paying the filing fee in this case and *Baston v. State of Indiana,* 4:19-cv-15-RLY-DML[1] shall not be tolerated. Mr. Baston is warned that if he makes additional false representations in this Court he could be sanctioned and restricted from filing any further papers in this district.

Mr. Baston's *in forma pauperis* status is **revoked.** He is required to pay the full $400.00 filing fee. A collection order shall issue separately along with this Entry.

## II. Dismissal of Action

Mr. Baston alleges that the new Enhanced Commissary Ordering through Indiana Correctional Industries violates his constitutional rights. This is because the new program accepts orders from family and friends on an offender's approved visiting list, but offenders are not allowed to order on their own behalf. He describes these ordering limitations as unfair, biased, discriminatory, and unconstitutional.

This Court dismissed the amended complaint at screening for failure to state a claim upon which relief can be granted. The Court explained that the Enhanced Commissary Ordering

---

[1] Mr. Baston used a similar tactic to obtain *in forma pauperis* status in *Baston v. State of Indiana,* 4:19-cv-15-RLY-DML, on March 25, 2019. He acknowledges in that case that his mother left him money when she passed away on June 6, 2012, but represented that his account balance was zero dollars. Final judgment was entered in that case on May 14, 2019. If Mr. Baston's misrepresentation was a mistake, he can correct this mistake by paying the $400 filing fee associated with 4:19-cv-15-RLY-DML.

program Mr. Baston describes does not discriminate based on a protected class and there is no plausible factual basis to conclude that a program allowing an inmate's family or friends to purchase items from a commissary list for the inmates' use is unconstitutional. The program is rationally related to the legitimate governmental interest of fostering relationships between inmates and those in the community. *See Vasquez v. Foxx*, 895 F.3d 515, 525 (7th Cir. 2018) (discussing rational basis review); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1071 (7th Cir. 2013) ("Once we identify a plausible basis for the legislation, our inquiry is at its end.").

Mr. Baston was given the opportunity to show cause why his amended complaint should not be dismissed for failure to state a claim upon which relief may be granted. In response, Mr. Baston argues that he has money to buy commissary items from the Enhanced Commissary Ordering program and that he should be treated the same as inmates who have family and friends on their visitor list to make purchases for them. Mr. Baston's response has not identified a viable constitutional claim. The complaint is dismissed for failure to state a claim for the reasons set forth in Entry of January 14, 2020.

Judgment consistent with this Entry shall now issue. This dismissal counts as a "strike" pursuant to 28 U.S.C. § 1915(g). If Mr. Baston accumulates three such "strikes," he will not be permitted to proceed *in forma pauperis* in future cases unless he is under imminent danger of serious physical injury.

**IT IS SO ORDERED.**

Date: 2/12/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT P. BASTON
209210
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362